IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHERRICE JONES,** *Plaintiff* | : : : | **CIVIL ACTION** |
| v. | : : | |
| **NORTHEAST TREATMENT CENTERS, INC.,** *et al.,* *Defendants* | : : : : | **No. 20-2477** |

## MEMORANDUM

PRATTER, J.                                                                             OCTOBER 21, 2020

This matter comes before the Court by way of a third-party subpoena served by Plaintiff Sherrice Jones seeking discovery into an unrelated lawsuit involving Defendant Lisa Kramer. Defendants and the recipient of the subpoena, the law firm of Nachmias Morris & Alt, LLC, each filed a motion to quash. Defendants move, in the alternative, for a protective order and request fees and costs associated with that motion. For the following reasons, the Court grants both motions to quash the subpoena.

### BACKGROUND

Sherrice Jones brings this wrongful termination action against her former employer, NorthEast Treatment Centers, Inc., and her former supervisor, Lisa Kramer, alleging that her employment was terminated because of her race. Ms. Jones alleges violations of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act. Ms. Jones is African American; Ms. Kramer is Caucasian. Ms. Jones contends that Defendants used budgetary cuts as pretextual justification to terminate her employment. Ms. Jones's position was then filled by Tara Sullivan-Butrica, a Caucasian woman who allegedly is a former co-worker of Ms. Kramer from when both women worked at COMHAR.

1

Relevant to the pending motions, last year Ms. Kramer filed an employment discrimination suit against COMHAR, her former employer. Ms. Kramer alleged discrimination based on a disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*, and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and violations of the Family and Medical Leave Act, 29 U.S.C.§ 2601, *et seq. Kramer v. COMHAR*, 2:19-cv-01253-GEKP. COMHAR did not assert any counterclaims against Ms. Kramer.

The parties here are currently engaged in discovery. About a month ago, Ms. Jones served a subpoena on the law firm of Nachmias Morris & Alt, LLC, the firm that had defended COMHAR in the suit brought by Ms. Kramer. The subpoena seeks "any and all statements, declarations, and/or transcripts you have of Lisa Kramer and Tara Sullivavn [sic]-Butrica, LSW and any verified answers to discovery you have from Lisa Kramer and Tara Sullivan-Butrica, related to the matter, *Kramer v. COMHAR*, E.D. of PA, Civil Action No. 2:19-cv-01253-GEKP." Doc. No. 8-2 (Subpoena).

Defendants sent a letter objecting to the relevancy of the requested materials and on the basis that the subpoena seeks confidential medical information about Ms. Kramer. Doc. No. 8-2 (Ex. 3) at 7. Defendants noted their concern that the subpoena was intended to embarrass or otherwise harass Ms. Kramer. Ms. Jones responded that the subpoena requests Ms. Kramer's sworn testimony from "a recent employment discrimination lawsuit, and thus is relevant" to whether Ms. Kramer violated employment discrimination rules in Ms. Jones's case. Doc. No. 8-2 (Ex. 4) at 8. Defendants countered that Ms. Kramer was the plaintiff in that prior suit, and thus she was not accused of having violated any employment discrimination laws. Doc. No. 8-2 (Ex. 5) at 11.

2

The dueling letters campaign led to two related motions to quash: (1) Defendants' motion to quash the subpoena and, in the alternative, for a protective order, Doc. No. 8; and (2) Nachmias Morris & Alt, LLC's motion to quash, Doc. No. 9. Defendants certify that they have attempted to confer with Ms. Jones, including exchanging letters and a request to withdraw the subpoena. Fed. R. Civ. P. 26(c)(1). In the event the Court grants a protective order, Defendants also request fees for the costs of the motions. Nachmias Morris & Alt, LLC only moves to quash based on the arguments advanced by Ms. Kramer—it is not seeking a protective order. Ms. Jones opposes both motions. Doc. Nos. 10, 11.

## LEGAL STANDARD

Rule 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevance is liberally construed, although the parties are not authorized to engage in fishing expeditions. "The serve-and-volley of the federal discovery rules govern the resolution of a motion to quash." *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 239 (E.D. Pa. 2014). After the subpoenaing party demonstrates that its requests are within the general scope of discovery under Rule 26, the burden shifts to the party opposing to demonstrate that a basis to quash exists under Rule 45(d)(3). Relevant here are Rules 45(d)(3)(iii) and (iv) which require a court to quash or modify a subpoena that requires disclosure of privileged or other protected matter or that subjects a person to undue burden.

A district court has discretion to issue a protective order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1)(A). A party seeking a protective order must establish "good cause" exists to prevent disclosure. "Good cause" requires the party to specifically demonstrate that disclosure would cause a clearly defined and serious injury. *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). Among the factors recognized by the Third Circuit Court of Appeals is whether disclosure will violate any

privacy interests and whether disclosure of the information will cause a party embarrassment. *Id.* (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787-91 (3d Cir. 1994)).

## DISCUSSION

### I. Standing

Ms. Jones argues that Defendants lack standing to challenge the subpoena because they are not the recipients of the subpoena, COMHAR's counsel is. "Generally speaking, a party does not have standing to quash a subpoena served on a third party." *Greene v. Phila. Hous. Auth.*, 789 F. Supp. 2d 582, 586 (E.D. Pa. 2011). A limited exception exists where a party "claims some personal right or privilege in respect to the subject matter" of the subpoena." *Green v. Cosby*, 216 F. Supp. 3d 560, 563 (E.D. Pa. 2016) (recognizing a personal right or interest, among other things, in bank accounts, confidential settlement agreements, and protective orders). Ms. Kramer does not assert an evidentiary privilege over the information sought in the subpoena. The inquiry thus is whether she has a "personal right" in the subject matter of the subpoena.

A movant has standing to challenge a subpoena when the movant has a personal right or interest in the documents themselves. *Kida v. EcoWater Sys. LLC*, No. CIV.A. 10-4319, 2011 WL 1883194, at *2 (E.D. Pa. May 17, 2011) (collecting cases). Ms. Kramer argues that, because her prior lawsuit involved a disability discrimination claim asserted under the Americans with Disabilities Act, the documents sought contain her confidential medical and health related information. Accordingly, Ms. Kramer contends she has a personal right in the litigation records received by COMHAR in the prior unrelated litigation and that such a right confers upon her standing on which to challenge the subpoena. *See, e.g., Carpenter v. Kloptoski*, Civ. A. No. 1:08–CV–2233, 2010 WL 126173, at *1 (M.D. Pa. Jan. 8, 2010) (plaintiff had standing to challenge

4

subpoena issued to prison, seeking plaintiff's medical and mental health records). The Court agrees.

Ms. Jones responds, however, that she is *not* asking for medical records and that Defendants have misconstrued the scope of the request, hence prompting the Court to take a closer look. Based on the plain text of the subpoena, the Court finds that none of the requests directly or expressly call for the production of *per se* medical information. However, Ms. Kramer's medical information is inexorably intertwined with that prior litigation.

## II. Relevance

Rule 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Fed. Trade Comm'n v. Thomas Jefferson Univ.*, No. CV 20-01113, 2020 WL 4347371, at *2 (E.D. Pa. July 29, 2020) (citing Fed. R. Civ. P. 26(b)(1)). Ms. Jones advances three arguments in support of the relevancy here of the requested materials. First, Ms. Jones contends that Ms. Kramer's sworn testimony and representations are somehow relevant to Ms. Jones's burden to establish punitive damages. A prevailing plaintiff in a Title VII employment discrimination matter against a private entity may be awarded punitive damages only if the plaintiff shows not only intentional discrimination, but also malice or reckless indifference to the plaintiff's federally protected rights. *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 534 (1999). Ms. Jones argues that Ms. Kramer's understanding of federal employment law—presumably as evidenced in her own suit—goes to whether Ms. Kramer knew of and disregarded Ms. Jones's federal rights as an employee. Ms. Kramer responds that she understands one cannot discriminate against employees on the basis of race and concedes this point, quite unrelated to the documents at issue here.

5

Second, Ms. Jones argues the requested information is relevant to defeating Ms. Kramer's defense that she was unaware that her actions violated federal employment law. In response, Ms. Kramer contends her defense is not that she was unaware of Ms. Jones's rights or that she was unaware she allegedly discriminated against Ms. Jones. Rather, Ms. Kramer denies discriminating against Ms. Jones. Third, because Ms. Jones is seeking sworn testimony, she anticipates looking for inconsistent statements and using any for impeachment purposes. Ms. Kramer has not responded to this impeachment argument.

Despite the liberal standard under Rule 26, the possible relevancy of these discovery requests is uncertain at best. First, to the extent Ms. Jones seeks information about Ms. Kramer's general knowledge of federal employment law, Ms. Kramer concedes it is illegal to racially discriminate. Nothing in the requested materials would establish that Ms. Kramer discriminated against Ms. Jones—the prior suit does not involve Ms. Jones. Recently, the Court denied a similar request for discovery in Ms. Kramer's own prior suit. Ms. Kramer had sought documents related to a complaint that her supervisor had made racially and ethnically derogatory comments against another individual. COMHAR opposed that discovery because the other complaint did not relate to claims asserted by Ms. Kramer. In denying that motion to compel documents related to the complaint, the Court found that the complaint was not relevant to Ms. Kramer's claims. *Kramer v. COMHAR*, No. CV 19-1253, 2019 WL 7049941, at *2 (E.D. Pa. Dec. 23, 2019). The same analysis applies here.

Second, Ms. Jones seeks all sworn testimony, declarations, and verified discovery responses to determine whether there may be any inconsistent testimony. At this point, it seems merely conjectural that she could uncover inconsistent testimony between what Ms. Kramer gave in her earlier case and what she might offer in the present action. As noted in her suit against

6

COMHAR, Ms. Kramer alleged discrimination based on sex and disability—not race, as Ms. Jones claims here against NorthEast Treatment Centers. The legal regimes that govern these claims differ. Although Title VII of the Civil Rights Act prohibits discrimination based on race and sex, the Americans with Disabilities Act governs claims of disability discrimination. The scope and application, not to mention factual issues, of these two types of employment discrimination suits differ markedly. For these reasons, the Court finds that the requested information from Ms. Kramer's lawsuit is not relevant to the pending action.

### III. Proportionality

The 2015 amendments to the Federal Rules of Civil Procedure added a proportionality requirement to discovery. It is now no longer sufficient that the requested material be technically relevant, it must also be proportional to the needs of the case. The Advisory Committee Note makes clear, however, that the amendment does not place the burden of proving proportionality on the party seeking the material. *See* Fed. R. Civ. P. 26(b)(1), Adv. Comm. Notes (2015 Amendments). Because Defendants contend that the requests are irrelevant, they do not separately address the proportionality prong in their motion. To be clear, although the Court considers whether the discovery requests are proportional, it does not rest its decision here on this factor. Rather, proportionality provides an additional perspective into whether Ms. Jones's discovery requests are overreaching—which the Court finds them to be.

In evaluating proportionality, courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Here, the last two factors suggest that the request is not proportional to Ms. Jones's case.

Even if the subpoena seeks relevant information—which the Court finds it does not—because Ms. Jones requests "any and all" sworn statements and discovery responses, the subpoena is certainly overbroad. Ms. Jones has not tailored the request to Ms. Kramer's understanding of federal employment law. Nor does Ms. Jones offer a reason why she is also seeking information from Ms. Sullivan-Butrica, who is not a defendant here.

Because Ms. Kramer alleged discrimination based on disability, it is likely that references to her medical history—completely irrelevant to Ms. Jones's case, as Ms. Jones admits—permeate the record. The value of this tangential discovery coupled with Ms. Kramer's obvious privacy interests weigh against a finding that the subpoena is proportional to the needs of the case.

## CONCLUSION

For the reasons set out in this memorandum, the Court grants Defendants' and Nachmias Morris & Alt, LLC's motions to quash and deems Defendants' motion in the alternative for a protective order and request for fees and costs moot.[1] An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[1] Should the parties have reason to continue with some of these efforts in discovery (i.e., if other developments in the case change the potential pertinence of some of the requested information), the Court directs the parties to first seek a protective order.